1  SEYFARTH SHAW LLP
   Diana Tabacopoulos (SBN 128238)
2  E-mail: dtabacopoulos@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  SEYFARTH SHAW LLP
   Jill Porcaro (SBN 190412)
6  E-mail: jporcaro@seyfarth.com
   333 South Hope Street, Suite 3900
7  Los Angeles, California 90071-1406
   Telephone: (213) 270-9600
8  Facsimile: (213) 270-9601

9  Attorneys for Defendant
   WALGREEN CO.

10

## UNITED STATES DISTRICT COURT

11

## CENTRAL DISTRICT OF CALIFORNIA

12

LUISA HEHRER, as an individual and
on behalf of all others similarly situated,

13

**CASE NO.** ED CV 11 - 00340VAP (JEMx)

14       Plaintiffs,

**DEFENDANT'S NOTICE OF REMOVAL**

15       v.

**[CLASS ACTION FAIRNESS ACT OF 2005, DIVERSITY, 28 U.S.C. § 1332 AND 1441]**

16  WALGREEN CO., an Illinois
    corporation, and DOES 1 through 100,

17  inclusive,

[Riverside Superior Court Case No. RIC 1100468]

18

19       Defendants.

*[Filed concurrently with Certificate of Interested Parties, Civil Cover Sheet and Disclosure Statement Pursuant to Fed. R. Civ. Proc. 7.1]*

20

21

Complaint filed: Jan. 12, 2011

22

23    TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

24  DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF

25  RECORD:

26    PLEASE TAKE NOTICE that Defendant Walgreen Co. ("Walgreens" or

27  "Defendant") hereby removes the above-referenced action from the Superior Court

28  of the State of California for the County of Riverside, to the United States District

1

NOTICE OF REMOVAL

13161352v.3



1    Court for the Central District of California asserting original jurisdiction under 28

2    U.S.C. §§1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), diversity

3    jurisdiction under 28 U.S.C. §1332(a) and (c), and removal jurisdiction under 28

4    U.S.C. §§1441(a) and 1446, and states that removal is proper for the following

5    reasons.

## BACKGROUND

7        1.    Plaintiff Luisa Hehrer ("Plaintiff") filed this action against Walgreens

8    on January 12, 2011 in the Superior Court for the County of Riverside, case

9    entitled: *Luisa Hehrer, et al. v. Walgreen Co., et al*, Case No. RIC 1100468 (the

10   "Complaint"). A true and correct copy of the Summons and Complaint and Civil

11   Case Cover Sheet in this action are attached hereto as Exhibit A.

12       2.    In her Complaint, Plaintiff purports to allege on behalf of herself and

13   a putative class of Walgreens store managers employees in California that

14   Walgreens failed to pay them overtime in violation of California Labor Code §§

15   1194 and 510 (First Cause of Action), failed to allow and pay them for meal and

16   rest periods as required by California Labor Code §§226.7 and 512 (Second Cause

17   of Action), failed to provide them with accurate itemized wage statements as

18   required by California Labor Code §226 (Third Cause of Action), and failed to

19   timely pay them all wages due at the time of termination as required by California

20   Labor Code §§201-203 (Fourth Cause of Action). Plaintiff further alleges

21   Walgreens' alleged conduct constitutes unfair competition in violation of

22   California Business and Professions Code §§17200 *et seq*. (Fifth Cause of Action).

23       3.    On January 12, 2011, the Court served its Notice of Assignment to

24   Department for Case Management Purposes and Case Management Conference. A

25   true and correct copy of the Court's Notice of Assignment is attached hereto as

26   Exhibit "B."

27       4.    On January 27, 2011, Plaintiff served the Summons and Complaint on

28   Defendant's agent. A true and correct copy of Plaintiff's purported Proof of

2

NOTICE OF REMOVAL

13161352v.3

1    Service Summons filed February 16, 2011, is attached hereto as Exhibit "C."

2        5.      On February 24, 2011, Walgreens served and filed its Answer to the

3    Complaint asserting a general denial of Plaintiff's allegations and affirmative

4    defenses. A true and correct copy of Walgreens' Answer to the Complaint is

5    attached hereto as Exhibit "D."

6        6.      On February 25, 2011, Walgreens served and filed its Peremptory

7    Challenge Pursuant to Cal. Code of Civ. Proc. §170.6. A true and correct copy of

8    Walgreens' Peremptory Challenge Pursuant to Cal. Code of Civ. Proc. §170.6 is

9    attached hereto as Exhibit "E."

10       7.      Exhibits A through E constitute all pleadings, process and orders

11   served on or by Defendant in this action.

**CLASS ACTION FAIRNESS ACT ("CAFA")**

**PUTATIVE CALIFORNIA CLASS**

14       8.      This Court has original jurisdiction of this action under CAFA,

15   codified in pertinent part at 28 U.S.C. §1332(d)(2). As set forth below, this action

16   is properly removable, pursuant to 28 U.S.C. §1441(a), in that the district court has

17   original jurisdiction over the action, because the aggregated amount in controversy

18   exceeds $5,000,000, exclusive of interest and costs, and the action is a class action

19   in which at least one class member is a citizen of a state different from that of

20   Walgreens. 28 U.S.C. §§1332(d)(2) & (d)(6). Furthermore, the number of

21   California putative class members is greater than 100. See Declaration of June

22   Rosenberg ("Rosenberg Dec.") ¶ 2(a), attached hereto as Exh. F; 28 U.S.C.

23   §1332(d)(5)(B). Further, based on information and belief, Plaintiff and a number

24   of the putative California members are citizens of California.

25       A.    **Citizenship of the Parties**

26       9.    **Plaintiff's Citizenship**. Plaintiff is a resident of Riverside County

27   California. Complaint ¶¶ 4-5. Based on information and belief Plaintiff is a

28   citizen of California. Residence is *prima facie* evidence of domicile. *See State*

3

NOTICE OF REMOVAL

13161352v.3

1 | *Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

2 |      10.   **Walgreens' Citizenship.** Pursuant to 28 U.S.C. Section 1332(c), "a

3 | corporation shall be deemed to be a citizen of any State by which it has been

4 | incorporated and of the State where it has its principal place of business."

5 | Walgreens is now, and ever since this action commenced has been, incorporated

6 | under the laws of the State of Illinois, with its principal place of business in

7 | Illinois. Complaint ¶ 8; see also Exh. G, John Mann Declaration ("Mann Dec.") ¶

8 | 2. Walgreens' principal place of business is Deerfield, Illinois under the "nerve

9 | center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). As Deerfield,

10 | Illinois is the site of Walgreens' corporate headquarters and executive offices,

11 | where Walgreens' high level officers direct, control, and coordinate the

12 | Company's activities, Walgreens' "nerve center" is in Illinois. Exh. G, Mann Dec.

13 | ¶ 3. Accordingly, Walgreens is, and has been at all times since this action

14 | commenced, a citizen of the State of Illinois. As a result, Walgreens is <u>not</u> now,

15 | and was <u>not</u> at the time of the filing of the Complaint, a citizen of the state of

16 | California for removal purposes.

17 |      11.   **Doe Defendants.** Pursuant to 28 U.S.C. §1441(a), the residence of

18 | fictitious and unknown defendants should be disregarded for purposes of

19 | establishing removal jurisdiction under 28 U.S.C. §1332. *Fristos v. Reynolds*

20 | *Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not

21 | required to join in a removal petition). Thus, the existence of Doe defendants one

22 | through one hundred, does not deprive this Court of jurisdiction.

23 |     **B.**   <u>**Amount in Controversy Exceeds $5,000,000.**</u>

24 |      12.   The claims of the individual members in a class action are aggregated

25 | to determine if the amount in controversy exceeds the sum or value of $5,000,000,

26 | even when considering the state law claims only. 28 U.S.C. §1332(d)(6). In

27 | addition, Congress intended for federal jurisdiction to be appropriate under CAFA

28 | "if the value of the matter in litigation exceeds $5,000,000 either from the

NOTICE OF REMOVAL

13161352v.3

1   viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the
2   type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."
3   Senate Judiciary Committee Report, S. REP. 109-14, at 49.  Moreover, the Senate
4   Judiciary Committee's Report on the final version of CAFA makes clear that any
5   doubts regarding the maintenance of interstate class actions in state or federal court
6   should be resolved in favor of federal jurisdiction.  S. REP. 109-14, at 49("[I]f a
7   federal court is uncertain about whether 'all matters in controversy' in a purported
8   class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the
9   court should err in favor of exercising jurisdiction over the case . . . .  Overall, new
10  section 1332(d) is intended to expand substantially federal court jurisdiction over
11  class actions.  Its provisions should be read broadly, with a strong preference that
12  interstate class actions should be heard in a federal court if properly removed by
13  any defendant.").

14          13.     Although Plaintiff has not alleged the amount of her individual
15  damages, or alleged the damages of the putative class in her Complaint, it is clear
16  that the alleged amount in controversy in this putative class action exceeds, in the
17  aggregate, $5,000,000.  The Complaint alleges a California putative class of
18  Walgreens California store managers or similar employees during the four-year
19  period preceding the filing of the Complaint, from January 12, 2007, through and
20  including the present.  Exh. A, Complaint ¶¶ 7, 18.  During the period of January
21  12, 2007 through February 22, 2011, Walgreens employed approximately 677
22  persons who managed its stores in California and fit the description of the putative
23  class members in Plaintiff's Complaint.  Exh. A, Complaint ¶18, Exh. F,
24  Rosenberg Dec. ¶ 2(a).  As set forth below, even based on conservative estimates,
25  the amount in controversy implicated by the class-wide allegations exceeds
26  $5,000,000.

27          14.     Walgreens denies that Plaintiff or the putative class is entitled to
28  anything by the Complaint, as Plaintiff's claims rest on faulty assumptions and

13161352v.3

1    erroneous legal conclusions.  Nevertheless, the amount in controversy is dictated

2    by Plaintiff's claims, not the merits.  Plaintiff alleges multiple sources of state law

3    potential remedies and penalties in the Complaint: (1) allegedly unpaid overtime

4    wages; (2) meal and rest break premium pay; (3) waiting time penalties; (4) wage

5    statement penalties and (5) penalties pursuant to the California Labor Code Private

6    Attorney General Act ("PAGA").  Exh. A, Complaint ¶ 2, Prayer ¶¶ 4-5.  In

7    addition, Plaintiff seeks nominal, actual, compensatory and punitive damages,

8    injunctive relief (disgorgement of profits), disbursements, interest, costs and

9    attorney's fees. Exh. A, Complaint ¶¶ 37-38, 48, 53, Prayer ¶¶ 1-3, and 6-8.

10         15.    In 2011 (January 1 through February 22), Walgreens store managers

11   earned an average base salary of $73,860.20.  In 2010, Walgreens store managers

12   in California earned an average base salary of $74,171.33. Exh. F, Rosenberg Dec.,

13   ¶ 2(f).  In 2009, Walgreens store managers in California, earned an average base

14   salary of $73,392.33.  Id.  In 2008, Walgreens store managers in California earned

15   an average base salary of $72,847.75. Id.  In 2007, Walgreens store managers in

16   California earned an average base salary of $69,826.36.  Id.  The average

17   corresponding hourly rate of the California putative class members in 2011 is

18   $35.50/hour.[1]  The average corresponding hourly rate of the California putative

19   class members in 2010 is approximately $35.65/hour, $35.28/hour in 2009,

20   $35.02/hour in 2008, and $33.57/hour in 2007.  The average corresponding hourly

21   rate for the California putative class members between 2007 and 2011 is $35.00.

22         16.    Throughout the putative class period, Walgreens has employed

23   approximately 677 California store manager employees during the period of

24   January 12, 2007 through February 22, 2011. These employees worked

25   approximately 100,138 workweeks (assuming 48 out of 52 workweeks per year to

26

27   [1] The corresponding hourly rates set forth herein are calculated by dividing the
     average annual salary for each respective year in the putative class period by 52

28   weeks per year to determine the weekly salary, and then further dividing by 40
     hours per week to arrive at the hourly rate.

13161352v.3

1  account for any vacation or time off store managers may have taken during the

2  year) during the period of January 12, 2007 through the present (the alleged

3  putative class period applicable to Plaintiff's overtime claims under Cal. Labor

4  Code §§ 1194 and 510 and meal and rest period claims under Cal. Labor Code

5  §§226.7 and 512).

6      17.    Walgreens employed approximately 587 California store managers

7  during the period of January 12, 2010 and February 22, 2011.  These employees

8  worked a total of approximately 7, 973 pay periods (pay periods are one every

9  month) during the period of January 12, 2010 through February 22, 2011 (the

10  putative class period applicable to Plaintiff's claims for penalties for deficient

11  wage statements under Cal. Labor Code §226 and penalties under PAGA).  See

12  Exh. F, Rosenberg Dec. ¶ 2(b).

13     18.    In addition, approximately 63 Walgreens California store managers

14  separated their employment during the period of January 12, 2008 and December

15  13, 2010 (the putative class period applicable to Plaintiff's claims for waiting time

16  penalties under Cal. Labor Code §§ 201-203).  *Id.* at ¶ 2(e).

17     19.    Based on the number of California putative class members, the

18  number of work weeks and pay periods worked by the putative class members

19  during the respective putative class periods, the number of separated putative class

20  members and Plaintiff's claims, the amount in controversy for unpaid wages,

21  missed meal and rest breaks, deficient wage statements, PAGA penalties and

22  waiting time penalties as alleged in the Complaint exceeds $5,000,000.  As

23  Plaintiff has not alleged her particular damages, reasonable estimates of the alleged

24  amount in controversy are appropriate.  See *Abrego v. The Dow Chemical Co.,*

25  443 F.3d 676, 688-90 (9th Cir. 2006) (the preponderance of evidence standard

26  applies where a plaintiff "seeks no specific amount in damages," and a court will

27  consider facts in the removal petition to determine whether the jurisdictional

28  requirements are met).

7

13161352v.3

## C.     <u>Labor Code §226(e)</u>

20.    The Complaint alleges that Walgreens failed to provide the California Class members with accurate itemized wage statements, in violation of California Labor Code §226(a). Exh. A, Complaint ¶¶ 49-53. Plaintiff alleges that under Labor Code §226(e) she and the putative class members may recover penalties in the amount of $50 for the initial pay period in which the violation occurred, and $100 for each violation in a subsequent pay period pursuant to Labor Code §226, according to proof, up to $4,000.00. Exh. A, Complaint ¶¶ 50, 52-53. The statute of limitations for recovery of penalties under Labor Code §226 is one year. Cal. Civ. Proc. Code §340(a).

21.    Courts have assumed a 100% violation rate in calculating the amount in controversy for removal purposes when the complaint does not allege a more precise calculation. See, *e.g., Coleman v. Estes Express Lines, Inc.*, 2010 U.S. Dist. LEXIS 79772 at *18-19 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515 at *11-13 (E.D. Cal. 2007) (concluding that plaintiff was the "master of [her] claims, and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought." *Id.* at 13).

22.    Based on Cal. Labor Code §226(e) (which provides that damages are the greater of all actual damages or $50 for the first violation and $100 for every violation thereafter, per employee, up to $4,000) and Plaintiff's allegation, the money allegedly owed would equal $4,000 x 587 (approximate number of store managers employed from January 12, 2010 through January 12, 2011) or $2,348,000.

NOTICE OF REMOVAL

13161352v.3

1

**D.**   **PAGA Penalties**

2      23.   In her Prayer, Plaintiff seeks to recover penalties under PAGA. Exh.

3   A, Complaint Prayer ¶ 5. PAGA provides for penalties consisting of $100 for an

4   initial violation in a pay period and $200 per pay period for each subsequent

5   violation. See Cal. Labor Code § 2699(f)(2). Thus, based on Plaintiff's Prayer, the

6   penalties recoverable are 587 (California store managers employed for at least one

7   pay period during the period of January 12, 2010 through February 22, 2011) x

8   $100 = $58,700.00 + (7,386.00[subsequent store manager pay periods during the

9   period of January 12, 2010 through February 22, 2011]$^2$ x $200 = $1,477,200) =

10   $1,535,900.

11      **E.**   **Labor Code §203 (Waiting Time Penalties)**

12      24.   In addition, Plaintiff seeks waiting-time penalties under California

13   Labor Code §203 for the putative class for each separated employee. Exh. A,

14   Complaint ¶¶ 46-48, Prayer p. 4. Plaintiff and putative class members seek

15   statutory penalties under Labor Code §203 of up to 30 days' pay for failure to pay

16   all wages due at termination Exh. A, Complaint ¶¶ 46-48, Prayer, p. 4. Plaintiff

17   alleges that Walgreens did not pay Plaintiff or putative class members wages due

18   for missed meal and rest periods and overtime. Exh. A, Complaint ¶¶ 44, 47.

19   Therefore, per the allegations in the Complaint, Plaintiff seeks 30 days' wages for

20   each putative California class member whose employment separated more than

21   thirty days prior to the filing of the Complaint.

22      25.   There is a three-year statute of limitations for claims seeking waiting

23   time penalties for unpaid wages under Cal. Labor Code §203. See Cal. Lab. Code

24   §203 and Cal. Code Civ. Proc. §338.

25

26

---

27   [2] The number of subsequent California store manager pay periods is arrived at by
dividing 31,890 (which is the approximate number of store manager workweeks
during the period of January 12, 2010 and February 22, 2011) by four (since store
28   managers are paid once per month) and then subtracting 587.

13161352v.3

26.   From January 12, 2008 through December 13, 2010 (which is 30 days prior to the filing of the Complaint), there are approximately 63 California store managers who separated their employment with Walgreens. Exh. F, Rosenberg Dec., ¶ 2(e).  The average California store manager hourly rate of pay is approximately $35.36 (based on an average annual salary $73,567.90 for the period of 2008 to 2010).  Thus, the penalties sought under section 203 (based on a calculation of average hourly rate ($35.36) x (8 hours per day) x (# of days before payment (30) x 63 # of separated employees) = $534,643.20.

27.   Taken together, the potential penalties under Cal. Labor Code §§203, PAGA and 226(e) alone are $4,418,543.20 ($534,643.20 + $1,535,900 + $2,348,000).  Plaintiff seeks additional damages for alleged failure to provide meal and rest breaks in violation of Labor Code §226.7, failure to pay overtime, plus an undisclosed amount for interest, costs, disgorgement of profits, disbursements, nominal, compensatory and punitive damages, and attorney's fees. It is more likely than not that the amount in controversy exceeds $5,000,000 because if just any **one** of the following factors is also considered, then the amount in controversy will exceed $5,000,000.  All of these factors can be considered based on Plaintiff's allegations.

### F.   **Unpaid Overtime Compensation**

28.   Plaintiff alleges that Plaintiff and the putative California class members "regularly and/or consistently worked in excess of twelve (12) hours in a day" and that  Walgreens failed to pay for  overtime wages owed to Plaintiff and the putative California class members. Exh. A, Complaint ¶¶ 2, 13, 34, 36. California store managers typically work at least five days per week.  Declaration of William Hose ("Hose Dec.") ¶ 3 attached hereto as Exh. H.  Although Plaintiff alleges that she and the putative class members regularly worked in excess of twelve hours per day and hence would have worked in excess of twenty hours of overtime per week, even using a conservative estimate of one hour of unpaid

13161352v.3

1  overtime compensation per week (which is far less than Plaintiff alleges), the

2  amount in controversy would be the sum of $5,257,245.00 (based on 100,138

3  workweeks — which assumes store managers worked an average of 48 workweeks

4  per year — during the period of January 12, 2007 through February 22, 2011) x

5  (one overtime hour/week) x ($35.00 average hourly wage) x (1.5 overtime

6  premium multiplier)).

7       **G.    Unpaid Meal/Rest Break Compensation**

8       29.    Plaintiff seeks separate payments for 1) denial of meal periods and 2)

9  denial of rest breaks. Exh. A, Complaint ¶¶ 2, 44.  California store managers

10  typically work at lease five days per week.  Exh. H, Hose Dec. ¶ 3.  Plaintiff

11  alleges that "[p]ursuant to California *Labor Code* § 512(a), an employer may not

12  employ an employee for a work period of more than five hours per day without

13  providing the employee with a meal period of not less than 30 minutes" and that

14  pursuant to Labor Code §226.7 "no employer shall require any employee to work

15  during any meal or rest period mandated by an applicable [wage] order of the

16  Industrial Welfare Commission."  Exh. A., Complaint ¶¶ 41-42.  Plaintiff further

17  alleges that "the Industrial Welfare Commission Order and California *Labor Code*

18  §§ 226.7 and 512(a) were applicable to Plaintiff and the other class members'

19  employment by Defendants."  Exh. A., Complaint ¶ 40.

20       30.    The applicable Industrial Welfare Commission ("IWC") Wage Order

21  provide in pertinent part with regard to meal periods that "[n]o employer shall

22  employ any person for a work period of more than five (5) hours without a meal

23  period of not less than 30 minutes …[and] [i]f an employer fails to provide an

24  employee with a meal period in accordance with the applicable provisions of this

25  order, the employer shall pay the employee one (1) hour of pay at the employee's

26  regular rate of compensation for each workday that the meal period is not

27  provided."  Wage Order 7, § 11.  The applicable IWC Wage Order further

28  provides in pertinent part as to rest periods that "[e]very employer shall authorize

13161352v.3

1    and permit all employees to take rest periods" and "[t]he authorized rest period
2    time shall be based on the total hours worked daily at the rate of ten (10) minutes
3    net rest time per four (4) hours or major fraction thereof." *Id.* at § 12.

4         31.    The money owed for a meal period or rest break that is not provided
5    is one hour of pay. Cal. Labor Code §226.7. Plaintiff alleges the "Defendants
6    routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff's
7    and the Class Members' meal breaks. *Id.* at ¶ 43. Plaintiff further alleges that
8    putative class members are entitled to one hour of pay at the regular rate for each
9    meal period missed and one hour of pay at the regular rate for each rest period
10   missed. Exh. A, ¶ 44. Based on these allegations, even assuming conservatively
11   that Plaintiff alleges just one missed meal period per week to Plaintiff and the
12   putative class members, the amount in controversy for the alleged denial of meal
13   periods would be $3,504,830.00 (based on 100,138 workweeks — which assumes
14   store managers worked an average of 48 workweeks per year — during the period
15   of January 12, 2007 through February 22, 2011 x ($35.00 average hourly wage).
16   Based on Plaintiff's allegation that the putative class is entitled to premium pay for
17   missed rest breaks, based on a conservative estimate that the putative class
18   members missed only one of ten rest periods per week, the calculation would be
19   the same for one missed rest period per week: $3,504,830.00.

20        32.    Thus, the total amount in controversy based on Plaintiff's alleged
21   violations of the California Labor Code is $16,685,448.20 ($4,418,543.20
22   [attributable to PAGA and Cal. Labor Code §§ 203 and 226 penalties] +
23   $5,257,245.00 [overtime compensation] + $3,504,830.00 [meal period premium
24   pay] + $3,504,830.00 [rest period premium pay]).

25   **H.    Attorney's Fees**

26        33.    Although the foregoing alone establishes by a preponderance of the
27   evidence that the amount in controversy exceeds $5 million, attorney's fees, are
28   also recoverable for Plaintiff's wage claims, and therefore, must also be taken into

13161352v.3

1   account in ascertaining the amount in controversy.  See *Galt G/S v. JSS*

2   *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's

3   fees to be included in amount in controversy, regardless of whether award is

4   discretionary or mandatory).  Fees could be as much as thirty percent of the

5   judgment.  See *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303 (3d

6   Cir. 2005) (noting study done by the Federal Judicial Center that found a median

7   percentage recovery range of 27-30% for all class actions resolved or settled over a

8   four-year period).

9          34.     Because diversity of citizenship exists, the Plaintiff being a citizen of

10  the State of California and the Defendant being a citizen of the State of Illinois, the

11  number of putative class members is over 100, and the amount in controversy

12  exceeds $5,000,000, this Court has original jurisdiction of the action pursuant to 28

13  U.S.C. §1332(d).  This action is therefore a proper one for removal to this Court.

## DIVERSE CITIZENSHIP OF THE PARTIES

## PLAINTIFF'S INDIVIDUAL CLAIMS

16         35.     As is set forth above in paragraphs 9 and 10 above, Plaintiff is a

17  Citizen of California and Walgreens is a citizen of Illinois.

18         36.     This is also a civil action over which this Court has original

19  jurisdiction under 28 U.S.C. §1332(a), and is one which may be removed to this

20  Court by defendant pursuant to 28 U.S.C. §§1367 and 1441(b) in that this action

21  involves citizens of different states and the amount in controversy exceeds the sum

22  of $75,000, exclusive of interest and costs.  An action may be removed if the

23  defendant establishes, by a preponderance of the evidence that the amount in

24  controversy exceeds the jurisdictional amount.  *Guglielmino v. McKee Foods*

25  *Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

26         37.     As is discussed above, in determining the amount in controversy, the

27  Court must consider the recovery sought, including penalties, as well as

28  recoverable statutory attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

NOTICE OF REMOVAL

13161352v.3

1  1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount
2  in controversy, regardless of whether such an award is discretionary or
3  mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785,
4  787 (9th Cir. 1963) (punitive damages must be taken into account where
5  recoverable under state law).

6      38.    While Walgreens denies liability as to Plaintiff's claims, Walgreens
7  has a reasonable, good faith belief that the amount in controversy, as to Plaintiff's
8  individual claims alone as alleged and pled in this action, exceeds Seventy-Five
9  Thousand Dollars ($75,000), exclusive of interest and costs.

10      39.    Plaintiff was employed by Walgreens in California as a Store
11  Manager from May 24, 2008 through March 19, 2010. Exh. F, Rosenberg Dec. ¶3.
12  Plaintiff's employment with Walgreens was separated as of March 19, 2010. *Id.*

13      40.    Plaintiff was paid an annualized base salary of $59,040.00 during the
14  period of May 24, 2008 and September 30, 2008; $63,120.00 during the period of
15  October 1, 2008 and September 30, 2009; and $65,520.00 during the period of
16  October 1, 2009 through March 19, 2010. *Id.* Plaintiff's annual base salary during
17  these periods may be broken down into an hourly rate dividing her annual base
18  salary by the number of work weeks during the calendar year and then by dividing
19  by 40 hours per work week. Broken down into hourly rates, Plaintiff was paid as
20  follows: from May 24, 2008 through September 30, 2008 (approximately 18
21  weeks), Plaintiff was paid an annual base salary of $59,040.00, which is equivalent
22  to a rate of $28.38 per hour; from October 1, 2008, through September 30, 2009
23  (52 weeks), Plaintiff was paid an annual base salary of $63,120.00, which is
24  equivalent to a rate of $30.34 per hour; from October 1, 2009 through March 19,
25  2010 (approximately 24 weeks) Plaintiff was paid an annual base salary of
26  $65,520.00, which is equivalent to a rate of $31.50 per hour. *Id.* Plaintiff's
27  average annual base salary during her entire employment a Walgreens Store
28

13161352v.3

1    Manager in California is approximately $62,560.00.  Her average corresponding

2    average hourly rate is $30.07.

3        41.    Plaintiff alleges that she and other Walgreens Store Managers

4    "regularly and/or consistently" worked in excess of twelve (12) hours each

5    workday.  Exh. A, Complaint ¶ 34.  Based upon that allegation, and the fact that

6    Walgreens Store Managers work at least five days per week (see Exh. G., Hose

7    Dec. ¶ 3), Walgreens assumes that Plaintiff will claim 20 hours worked per week

8    for which she was not paid overtime.  Calculating 20 hours of overtime per week at

9    the above-referenced hourly rates with a start date of May 24, 2008 (the date

10   Plaintiff became a Store Manager in California) and continuing through March 10,

11   2010 (the date of Plaintiff's termination), Plaintiff is seeking approximately

12   $56,531.60 in unpaid overtime compensation.($30.07 [average hourly rate of pay]

13   x 20 hours per week overtime x 94 approximate number of weeks worked by

14   Plaintiff as a California Store Manager).

15       42.    Plaintiff also alleges that Walgreens "routinely interrupted and/or

16   failed to permit, and/or provide" her with 30-minute meal periods.  Exh. A,

17   Complaint ¶ 43.  She also contends that Walgreens denied her rest periods.  Exh.

18   A, Complaint ¶ 44.  Plaintiff seeks one (1) hour of pay at her regular rate of pay for

19   each workday that a meal period was not provided and one (1) hour of pay for each

20   day that a rest period was not provided.  Exh. A, Complaint ¶44.  At an average

21   hourly rate of $30.07 and based upon the assumption that she was denied one meal

22   periods and one rest period per day, and Plaintiff worked as a Store Manager in

23   California for 94 weeks, Plaintiff is seeking $28,265.80 ($30.07 (Plaintiff's

24   average hourly wage) x 10 (5 meal period violations per week + 5 rest period

25   violations per week) x 94 weeks) in pay for missed meal and rest breaks for the

26   period May 24, 2008 through March 10, 2010.

27       43.    Plaintiff also seeks penalties pursuant to Cal. Labor Code §226.  Exh.

28   A, Complaint ¶¶ 49-53.  As discussed above, Section 226 provides for a $50

15

13161352v.3

penalty (per employee) for the initial pay period in which a violation occurs and $100 penalty (per employee) for each subsequent pay period, not to exceed an aggregate penalty of $4,000. Starting from January 12, 2010, and calculating the penalty for two pay periods, Plaintiff is seeking penalties under § 226 of $300.00.

44.   Plaintiff is also seeking to recover penalties under PAGA.  As is discussed above, PAGA provides for penalties consisting of $100 for an initial violation in a pay period and $200 per pay period for each subsequent violation. See Cal. Labor Code § 2699(f)(2).   The statute of limitations for recovery of penalties under PAGA is one year.  Cal. Civ. Proc. Code §340(a).  Plaintiff worked from January 12, 2010, through March 19, 2010 during the one-year period prior to filing her Complaint.  Thus, since Plaintiff was paid monthly (see Exh. F, Rosenberg Dec. ¶ 2(c)) as a Store Manager, she was employed for three pay periods during the relevant time period.   PAGA penalties attributable to Plaintiff are therefore. $500.00.

45.   Plaintiff also seeks waiting time penalties under Cal. Labor Code §203 for thirty days pay. Exh. A, Complaint ¶¶ 45-48.  Plaintiff's pay at the time of her termination was $65,520.00.  Her equivalent hourly wage at the time of her termination was approximately $31.50 per hour ($65,520.00 annual salary ÷ 52 weeks = $1,260 ÷ 40 hours = $31.50).  Multiplying Plaintiff's hourly rate of pay by eight hours per day ($31.50 x 8 hours = $252.00), Plaintiff's daily base pay earnings were approximately $252.00.  Multiplied by thirty days, ($252.00 x 30 days), Plaintiff seeks waiting time penalties totaling $7,560.00.

46.   Based on the foregoing calculations, Plaintiff is seeking approximately $85,597.40 unpaid wages and penalties ($56,531.60 in overtime compensation + $28,265.80 in pay for meal and rest break violations + $300.00 for wage statement penalties + $500.00 for PAGA penalties), not including attorneys' fees.

13161352v.3

47.     In addition, however, as is discussed above, Plaintiff seeks to recover unspecified punitive damages, nominal damages, compensatory damages, disbursements and disgorgement of profits. Exh. A, Complaint ¶¶ 37, Prayer ¶¶ 1-3. The inclusion of these damages that Plaintiff seeks to recover clearly establishes that the amount in controversy as to Plaintiff's individual claims is more likely than not, in excess of $75,000.

48.     In addition, as is discussed above, if attorneys' fees are recoverable by the plaintiff under statute or contract, they are included in calculating the amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees are to be included in the amount in controversy if the action is brought under a statute that "mandates or allows" the recovery of fees). Here, Plaintiff brings claims for wages under the California Labor Code, which expressly authorize an award of attorneys' fees to the prevailing party. Plaintiff, if successful, would be entitled to an award of attorneys' fees that itself would likely exceed $75,000.00.

49.     Since diversity of citizenship exists and while Walgreens denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. §1332(a).

## VENUE

50.     Venue lies in the Central District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a). This action is being removed from the Superior Court of the State of California, County of Riverside. See Exh. A. Defendant believes that this action should be removed to the United States District Court for the Central District of California.

## TIMELINESS OF REMOVAL

51.     Plaintiff served Walgreens with the Summons and Complaint on January 27, 2011. Exh. C.

17

NOTICE OF REMOVAL

13161352v.3

1     52.    This Notice of Removal is timely as it is filed within thirty (30) days

2  of the purported service on Walgreens of a copy of the Summons and Complaint.

3  28 U.S.C. §1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

4  344, 354 (1999).

5                   **NOTICE OF REMOVAL**

6     53.    This Notice of Removal will be promptly served on Plaintiff and filed

7  with the Clerk of the Superior Court of the State of California in and for the

8  County of Riverside.

9     54.    In compliance with 28 U.S.C. §1446(a), true and correct copies of all

10  "process, pleadings, and orders served" upon or by Defendant in the action are

11  attached hereto as Exhibits A through E.

12     WHEREFORE, Walgreens requests that the above action pending before the

13  Superior Court of the State of California for the County of Riverside be removed to

14  the United States District Court for the Central District of California.

15  DATED: February 25, 2011        SEYFARTH SHAW LLP

16

17                      By _____

18                        Jill A. Porcaro
                            Attorneys for Defendant
                            WALGREEN CO.

19

20

21

22

23

24

25

26

27

28

13161352v.3

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**ORIGINAL**



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 12 2011

I. SIRACUSA

JAN 12 2011

**NOTICE TO DEFENDANT:** WALGREEN CO., an Illinois
**(AVISO AL DEMANDADO):** corporation, and DOES 1 through
100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LUISA HEHRER, as an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individual and on
behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

CASE NUMBER:
(Número de caso): **RIC 1100468**

RIVERSIDE COUNTY SUPERIOR COURT
4050 Main Street
4050 Main Street
Riverside, California   92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Stanley D. Saltzman, Esq. (SBN 90058)           (818) 991-8080  (818) 991-8081
Kiley L. Grombacher, Esq. (SBN 245960)
MARLIN & SALTZMAN
29229 Canwood Street, Suite 208, Agoura Hills, CA   91301

DATE:                           Clerk, by                                    , Deputy
(Fecha)    JAN 12 2011          (Secretario)   I. Siracusa          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]


**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

20



1  **MARLIN & SALTZMAN, LLP**
   Stanley D. Saltzman, Esq. (SBN 090058)
2  Marcus J. Bradley, Esq. (SBN 174156)
   Kiley L. Grombacher , Esq. (SBN 245960)
3  29229 Canwood Street, Suite 208
   Agoura Hills, California  91301
4  Telephone:   (818) 991-8080
   Facsimile:   (818) 991-8081
5
   **UNITED EMPLOYEES LAW GROUP, PC**
6  Walter Haines, Esq. (SBN 71075)
   110 Pine Avenue,  Suite  725
7  Long Beach , California  90802
   Telephone:   (888) 474-7242
8  Facsimile:   (866) 435-7471
9  Attorneys for Plaintiff and the Proposed Plaintiff Class
10
11            **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
12                   **FOR THE COUNTY OF RIVERSIDE**
13
   LUISA HEHRER, as an individual and on        CASE NO. RIC **1 1 0 0 4 6 8**
14 behalf of all others similarly situated,
                                                **CLASS ACTION COMPLAINT FOR:**
15            Plaintiff,                         1.    **Failure to Pay Overtime Wages** (*Lab.
                                                       Code* §§ 1194, 510);
16 v.                                            2.    **Failure to Allow and Pay for Meal and
                                                       Rest Periods** (*Lab. Code* §§ 226.7, 512);
17 WALGREEN CO., an Illinois corporation,        3.    **Failure to Pay Compensation Upon
   and DOES 1 through 100, inclusive,                  Discharge** (*Lab. Code* §§ 201-203);
18                                               4.    **Failure to Provide Proper Wage
              Defendants.                              Statement** (*Lab. Code* § 226);
19                                               5.    **Violation of California** *Bus. & Prof.
                                                       Code* §§ 17200-17208);
20
                                                **DEMAND FOR JURY TRIAL**
21
22
23        Luisa Hehrer, individually and behalf of all others similarly situated, alleges the following
24 against Walgreen Co. and DOES 1 through 100 (hereinafter sometimes collectively referred to as
25 "Defendants"):
26                              **INTRODUCTION**
27    1.    This matter is brought as a class action pursuant to California *Code of Civil*
28 *Procedure* § 382, on behalf of Plaintiff and the Plaintiff Class, which is comprised of all persons

                                        1
                             **Class Action Complaint**

1  who are, or have been employed by Defendants as Store Managers in any of Defendants' full line

2  California stores during the Class Period, which is December 21, 2006, to the date judgment is

3  rendered herein.

4       2.    Plaintiff seeks relief on behalf of herself and the Plaintiff Class based on

5  Defendants' (a) failure to pay overtime compensation in violation of *Labor Code* § 1194 and the

6  orders and standards promulgated by the California Division of Labor Standards Enforcement and

7  the California Industrial Commission, (b) failure to allow and pay for meal and rest breaks

8  pursuant to *Labor Code* §§ 220, 226.7 and 512, (c), failure to pay compensation at the time of

9  termination in violation of *Labor Code* §§ 201-203, (d) failure to furnish Plaintiff and the Plaintiff

10  Class with accurate itemized statements upon payment of wages as required by *Labor Code* § 226,

11  and (e) violation of California's unfair competition laws (*Business &Professions Code* § 17200).

12  Plaintiff and the Plaintiff Class also seek equitable remedies in the form of declaratory relief,

13  injunctive relief, accounting, and restitution.

14       3.    Plaintiff's claims are based on the erroneous misclassification of Plaintiff and

15  members of the Plaintiff Class as exempt from California's wage and hour laws which require

16  Defendants to pay overtime compensation, and provide its employees proper, statutorily required

17  meal and rest periods.  In fact, Plaintiff and members of the Plaintiff Class performed non-exempt

18  job duties, and thus are, and were entitled to, but denied overtime compensation, and proper meal

19  and rest periods.

20                      **JURISDICTION AND VENUE**

21       4.    Venue is proper in this court because Defendants maintain offices and transact

22  business within the jurisdiction of this Court, because Plaintiff Luisa Hehrer resides within the

23  jurisdiction of this Court, and because the conduct alleged herein which gives rise to the claims

24  asserted occurred within the jurisdiction of this Court.  Specifically, Plaintiff Luisa Hehrer worked

25  for Defendants within Riverside County, and the wages herein claimed were earned by her in

26  Riverside County.

27  ///

28  ///

2

**Class Action Complaint**

## THE PARTIES

5.     At all times mentioned herein, Plaintiff Luisa Hehrer was, and now is, a resident of the County of Riverside, State of California.

6.     Throughout the course of her employment, Plaintiff was employed in a number of Walgreen locations throughout the nation.  Plaintiff first worked in Tennessee and Florida but was transferred to store number 7878 in Buena Park, California, in June of 2005.  Thereafter, Plaintiff worked in Defendants' store locations in San Jacinto, Hemet, and Beaumont.  In May of 2009, Plaintiff was promoted to store manager and transferred to store number 72027 in Rancho Mirage, California.

7.     The members of the proposed class are likewise current and former employees of Defendants, employed by Defendants within the State of California as Store Managers.

8.     Defendant Walgreen Co. is an Illinois corporation with a principal place of business in Illinois.  Defendant Walgreen Co. does business in the State of California, including the County of Riverside.  Defendants conduct business under the name of Walgreen Co. throughout the State of California, and employs, and has employed individuals in the position of Store Manager at its full line retail stores.

9.     Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 100, inclusive, but on information and belief alleges that said Defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each Defendant named herein was the agent of the other, and the agent of all Defendants.  Plaintiff is further informed and believes, and thereon alleges, that each Defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other Defendants, and that each Defendant's actions as alleged herein was authorized and ratified by the other Defendants.

/ / /

/ / /

3

**Class Action Complaint**

## FACTUAL ALLEGATIONS

10.   Throughout the Class Period, as the same is defined herein, Plaintiff and each member of the Plaintiff Class was an exempt employee, performing job duties which are classified as non-exempt, and thus covered by one or more Industrial Welfare Commission ("IWC") Wage Orders, including, but not limited to, Wage Order Nos. 7-1989, 7-1998, 7-200, 7-2001 ("Wage Orders"), as well as Cal. Code Regs., tit. 8, § 11070, and *Labor Code § 510*, and/or other applicable wage orders, regulations and statutes.

11.   Specifically, the primary job duties performed by Plaintiff and members of the Plaintiff Class were, and are, maintaining the inventory and sales floor, stocking shelves, cleaning the store, working the cash registers, and assisting customers.  Plaintiff and the members of the Plaintiff Class spent the majority of their time performing these non-exempt job duties, as opposed to job duties classified as exempt under California law.

12.   Plaintiff and members of the Plaintiff Class are not involved in managing Defendants' enterprise, and are not subject to any exemptions for executive, administrative or professional employees.  Defendants were therefore obligated to pay Plaintiff and members of the Plaintiff Class compensation for overtime, and to provide them the statutorily mandated meal and rest periods, and/or to compensate Plaintiff therefor.  However, Defendants improperly classified Plaintiff and members of the Plaintiff Class as exempt employees, exempt from the wage and hour provisions identified above.

13.   Plaintiff and each member of the Plaintiff Class routinely worked in excess of the maximum regular rate hours established by the IWC in the above-described Wage Orders, regulations, and statutes, which entitled them to overtime compensation as set by law.  Since at least November 15, 2006, and continuing to the present, Defendants have had a consistent policy of failing to pay wages and/or overtime to Plaintiff and members of the Plaintiff Class for all work performed and/or work over eight (8) hours per day or forty (40) per week.  Relying upon, and consistent with Defendants' standard policy, practice and procedure of classifying Plaintiff and each member of the Plaintiff Class as exempt employees, Defendants failed and refused to compensate Plaintiff and members of the Plaintiff Class for overtime worked by them.

4

**Class Action Complaint**

14.    Plaintiff and each member of the Plaintiff Class were routinely not allowed meal and rest breaks as required by the IWC in the above-described Wage Orders, regulations, and statutes.  Since at least December 21, 2006, and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and members of the Plaintiff Class statutorily required meal and rest periods.  Relying upon, and consistent with Defendants' standard policy, practice and procedure of classifying Plaintiff and each member of the Plaintiff Class as exempt employees, Defendants failed and refused to allow Plaintiff and members of the Plaintiff Class statutorily required meal and rest periods.

15.    Plaintiff and each member of the Plaintiff Class were routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them, specifically including but not limited to, failing to reflect hours worked overtime, and overtime wages due, and compensation due for missed meal and rest breaks.  Since at least December 21, 2006, and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and members of the Plaintiff Class true and accurate wage statements upon payment of wages, as required by California *Labor Code* § 226(a).

16.    Plaintiff and each member of Sub-Class No. 1 (hereinafter sometimes referred to as the "Terminated Sub-Class"), whose employment with Defendants was terminated during the class period, were routinely not paid, upon termination, all wages due to them, in violation of California *Labor Code* section 201-203.  Specifically, Plaintiff and members of the Terminated Sub-Class were not paid for overtime, nor were they compensated for missed meal and rest breaks.  Since at least December 21, 2006, and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and members of the Terminated Sub-Class all wages due to them upon termination.  Relying upon, and consistent with Defendants' standard policy, practice and procedure of classifying Plaintiff and each member of the Terminated Sub-Class as exempt employees, Defendants failed and refused to compensate Plaintiff and members of the Terminated Sub-Class for overtime, and missed meal and rest breaks at the time their employment was terminated.

/ / /

5

**Class Action Complaint**

17.     During the Class Period, Defendants required Plaintiff and members of the Plaintiff Class to work overtime without lawful compensation, and without proper meal and rest breaks. Defendants, in violation of the above-described Wage Orders and statutes, willfully failed and refused to pay Plaintiff and members of the Plaintiff Class overtime compensation, failed to provide them, or to compensate them for meal and rest periods, failed to pay all wages due upon termination, and failed to provide true and accurate wage statements.  Said policies, procedures, and practices are in violation of the California *Labor Code,* including, but not limited to, *Labor Code* §§ 201-203 and 227.3.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* § 382.   The class which Plaintiff seeks to represent is composed of, and defined as follows:

Plaintiff Class:

All persons employed by Defendants during the Class Period as "Store Managers" and similar positions, at any of Defendants' full line retails stores.

Sub-Class No. 1:

All members of the Plaintiff Class whose employment ended during the Class Period.

19.     The Class period is designated as the period from December 21, 2006, through and including the date judgment is rendered in this matter, and includes anyone employed by Defendants in the State of California during that period meeting the class definition.

20.     The Class is so numerous that the individual joinder of all members is impracticable.  While the exact number and identification of Class Members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the Class includes hundreds, and possibly thousands, of members.

///

6

**Class Action Complaint**




21.     Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.      Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California Wage and Hour statutes;

b.      Whether Defendants misclassified Plaintiff and members of the Plaintiff Class as exempt employees under California's wage and hour laws;

c       Whether Plaintiff and members of the Plaintiff Class are entitled to overtime compensation;

d.      Whether Defendants failed to pay overtime compensation to Plaintiff and members of the Plaintiff Class;

e.      Whether Defendants' policy and practice of classifying Plaintiff and members of the Plaintiff Class as exempt, and failing to provide them overtime compensation, violated provisions of California's wage and hour laws;

f.      Whether Plaintiff and members of the Plaintiff Class are entitled to meal and rest periods;

g.      Whether Defendants failed to provide and/or compensate Plaintiff and members of the Plaintiff Class for meal and rest periods;

h.      Whether Defendants' policy and practice of not providing Plaintiff and members of the Plaintiff Class meal and rest periods violated provisions of California's wage and hour laws;

i.      Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and members of the Terminated Sub-Class upon termination of their employment, in violation of *Labor Code* §§ 201-203;

j.      Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment

7

**Class Action Complaint**

1   of wages, in violation of *Labor Code* section 226;

2   k.   Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so,

3   the proper measure of such damages, as well as interest, penalties, costs, attorneys'

4   fees, and equitable relief; and

5   l.   Whether Defendants violated the Unfair Business Practices Act of California, *Bus.*

6   *& Prof. Code* § 17200, *et seq.*, by violating the above cited provisions, and treating

7   Plaintiff and members of the Plaintiff Class unfairly by failing to pay them

8   overtime, failing to provide them meal and rest periods, failing to pay them wages

9   due upon termination, and failing to provide true and accurate wage statements.

10   22.   The claims of the named Plaintiff are typical of the claims of the members of the

11   proposed class.  Plaintiff and other class members sustained losses, injuries and damages arising

12   out of Defendants' common policies, practices, procedures, protocols, routines, and rules which

13   were applied to other Class Members as well as Plaintiff.  Plaintiff seeks recovery for the same

14   type of losses, injuries, and damages as were suffered by other members of the proposed class.

15   23.   Plaintiff is an adequate representative of the Class because he is a member of the

16   Class and her interests do not conflict with the interest of the members he seeks to represent.

17   Plaintiff has retained counsel competent experienced in prosecution of complex class actions, and

18   together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the

19   Class.  The interests of the Class members will fairly and adequately be protected by Plaintiff and

20   her attorneys.

21   24.   A class action is superior to other available methods for the fair and efficient

22   adjudication of this litigation since individual litigation of the claims of all Class members is

23   impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an

24   individual basis, because this would result in hundreds, and potentially thousands of individual,

25   repetitive lawsuits.  Individual litigation presents the potential for inconsistent or contradictory

26   judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery

27   among those with equally meritorious claims.  By contrast, the class action device presents far

28   fewer management difficulties and provides the benefit of a single adjudication, economics of

1   scale, and comprehensive supervision by a single court.

2       25.     The various claims asserted in this action are additionally or alternatively certifiable

3   under the provisions of the California *Code of Civil Procedure* § 382 because:

4       a.     The prosecution of separate actions by hundreds or thousands of individual class

5              members would create a risk or varying adjudications with respect to individual

6              class members, thus establishing incompatible standards of conduct for Defendants.

7       b.     The prosecution of separate actions by individual class members would also create

8              the risk of adjudications with respect to them that, as a practical matter, would be

9              dispositive of the interest of the other class members who are not a party to such

10             adjudications and would substantially impair or impede the ability of such non-party

11             class members to protect their interests.

12      c.     Defendants have acted or refused to act on grounds applicable to the entire Class,

13             thereby making appropriate final declaratory and injunctive relief with respect to the

14             Class as a whole.

15                        **FIRST CAUSE OF ACTION**

16                  **(Failure to Pay Overtime Compensation)**

17                  **(By All Plaintiffs Against All Defendants)**

18      26.     Plaintiff incorporates herein by reference the allegations set forth above in

19   paragraphs 1 through 25.

20      27.     Pursuant to California *Labor Code* § 1194 and the applicable Industrial Welfare

21   Commission ("IWC") Wage Order, it is unlawful to employ persons without compensating them at

22   a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on

23   the number of hours worked by the person on a daily or weekly basis.

24      28.     Pursuant to California *Labor Code* § 1194, the maximum hours of work and the

25   standard conditions of labor fixed by the commission shall be the maximum hours of work and the

26   standard conditions of labor for employees. The employment of any employee for longer hours

27   than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

28      29.     Pursuant to the applicable IWC Wage Order, Defendants are and were required to

9

**Class Action Complaint**

1 pay Plaintiff and the other class members at the rate of time-and-one-half for all hours worked in
2 excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

3      30.    The applicable IWC Wage Order further provides that Defendants are and were
4 required to pay Plaintiff and the other class members overtime compensation at a rate of two times
5 her regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

6      31.    Pursuant to California *Labor Code* § 510, any work in excess of eight hours in one
7 workday and any work in excess of 40 hours in any one workweek and the first eight hours worked
8 on the seventh day of work in any one workweek shall be compensated at the rate of no less than
9 one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in
10 one day shall be compensated at the rate of no less than twice the regular rate of pay for an
11 employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall
12 be compensated at the rate of no less than twice the regular rate of pay of an employee.

13      32.    Pursuant to California *Labor Code* § 510, Plaintiff and the other class members are
14 entitled to overtime compensation at one-and-one-half times the regular hourly rate for hours
15 worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8)
16 hours worked on the seventh day of work, and to overtime compensation at twice the regular
17 hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours
18 in a day on the seventh day of work.

19      33.    During the relevant time period, Plaintiff and the other class members regularly
20 and/or consistently worked in excess of eight (8) hours in a day.

21      34.    During the relevant time period, Plaintiff and the other class members regularly
22 and/or consistently worked in excess of twelve (12) hours in a day.

23      35.    During the relevant time period, Plaintiff and the other class members regularly
24 and/or consistently worked in excess of forty (40) hours in a week.

25      36.    Plaintiff and each member of the Plaintiff Class are entitled to overtime
26 compensation for all hours worked in excess of the hours and time specified in the Wage Orders,
27 statutes and regulations identified above.

28      37.    Defendants committed the acts alleged herein knowingly and willfully, with the

1  wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, with improper

2  motives amounting to malice, and in conscious disregard of the rights of Plaintiff and the Plaintiff

3  Class.  Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory,

4  punitive, and exemplary damages in amounts according to proof at the time of trial, but in excess

5  of the minimum jurisdiction of this Court.

6      38.    Defendants' conduct described herein violates the California *Code of Regulations*,

7  Title 8, § 11070, and *Labor Code* §§ 200, 203, 226, 226.7, 512, and 1194.  Plaintiff and members

8  of the Plaintiff Class are thus entitled to recover, in addition to the unpaid balance of overtime

9  compensation Defendants owe them, interest, penalties, attorneys' fees, expenses and costs of suit.

10  Plaintiff and members of the Plaintiff Class assert a claim for penalties pursuant to *Labor Code* §§

11  201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226, 226.3, 226.7, 227.3, 510, 512, 1194, and

12  1194.2.

### SECOND CAUSE OF ACTION

#### (Failure to Allow and Pay for Meal and Rest Breaks)

#### (By All Plaintiffs Against All Defendants)

16      39.    Plaintiff incorporates herein by reference the allegations set forth above in

17  paragraphs 1 through 38.

18      40.    At all times herein mentioned, the Industrial Welfare Commission Order and

19  California *Labor Code* §§ 226.7 and 512(a) were applicable to Plaintiffs and the other class

20  members' employment by Defendants.

21      41.    Pursuant to California *Labor Code* § 512(a), an employer may not employ an

22  employee for a work period of more than five hours per day without providing the employee with a

23  meal period of not less than 30 minutes, except that if the total work period per day of the

24  employee is no more than six hours, the meal period may be waived by mutual consent of both the

25  employer and employee.

26      42.    *Labor Code* § 226.7(a) provides, "no employer shall require any employee to work

27  during any meal or rest period mandated by an applicable order of the Industrial Welfare

28  Commission."

43.     As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff's and Class Members' meal breaks.  By these actions, Defendants violated California *Labor Code* § 226.7(a) and § 512(a), in the number, length and manner of the breaks mandated by statute and regulation.  At no time did Plaintiff or members of the Plaintiff Class expressly or impliedly waive their right to meal and rest breaks.

44.     As a result of the unlawful acts of Defendants, Plaintiff and members of the Plaintiff Class have been deprived of meal and rest breaks, and are entitled to recovery under *Labor Code* § 226.7(a) in an amount of one additional hour of pay at the employee's regular rate of compensation for each work day that a meal and/or rest period was not provided.  Additionally, Plaintiff and members of the Plaintiff Class are entitled to penalties under the *Labor Code* sections identified above.

## THIRD CAUSE OF ACTION

### (Failure to Pay Compensation at the Time of Termination)

### (By Plaintiff and Members of the Terminated Sub-Class Against All Defendants)

45.     Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 47.

46.     California *Labor Code* § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge.  California *Labor Code* § 202 requires an employer to promptly pay compensation due and owing to an employee within no more than 72 hours of that employee's termination of employment by resignation, and at the time of termination if an employee is involuntarily terminated.  California *Labor Code* § 203 provides that if an employer wilfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required by Labor Code §§ 201 and 202, respectively, said employer is liable to said employee for a waiting time wage continuation as described therein.

47.     Defendants have failed and refused to pay to Plaintiff and each member of the Terminated Sub-Class all wages due to them upon termination in compliance with the Labor Code, including all commissions, regular wages, and overtime wages due.

12

**Class Action Complaint**

48.     Defendants' willful failure to pay Plaintiff and members of the Terminated Sub-Class all the wages due to them upon termination is in violation of *Labor Code* §§ 201 and 203, which provide that an employee's wages continue accruing up to thirty days from the time said wages became due.  Therefore, Plaintiff and members of the Terminated Sub-Class are entitled to a waiting time wage continuation penalty pursuant to *Labor Code* § 203.  Additionally, Plaintiffs seek costs, interest, disbursements, and attorneys' fees, as provided by statute.

**FOURTH CAUSE OF ACTION**

**(Failure to Provide Accurate Wage Statements)**

**(By All Plaintiffs Against All Defendants)**

49.     Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 48.

50.     *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall . . . at the time of each payment of wages, furnish her or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . . ."  Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

51.     Defendants failed to accurately record the overtime hours worked by Plaintiff and members of the Plaintiff Class.

52.     Plaintiff and members of the Plaintiff Class were damaged by these failures because, among other things, the failure to break down the incentive pay hindered Plaintiff  and members of the Plaintiff Class from determining the amounts of wages actually owed to them.

53.     Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to

13

**Class Action Complaint**

1   Labor Code §226(e), in a sum as provided by the Labor Code and/or other statutes.

2                      **FIFTH CAUSE OF ACTION**

3     **(Unfair Competition: California *Business and Professions Code* § 17200 etc.)**

4        **(By All Plaintiff, on Behalf of Herself, the Plaintiff Class, and the**

5                **General Public, Against All Defendants)**

6       54.    Plaintiff incorporates herein by reference the allegations set forth above in

7   paragraphs 1 through 53.

8       55.    Section 17200 of the California *Business & Professions Code* prohibits any

9   unlawful, unfair or fraudulent business act or practice.  A violation of California *Business &*

10   *Professions Code* §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.

11   As described herein, Defendants violated *California Labor Code* §§ 201, 204, 212, 213, 226(a),

12   226.7, 510, 1174(d), 1198, 2800, and 2802.

13       56.    Plaintiff brings this cause of action in a representative capacity on behalf of the

14   general public and the persons affected by the unlawful and unfair conduct described hereafter.

15   Plaintiff and members of the proposed class have suffered and continue to suffer injury in fact and

16   monetary damages as a result of Defendants' actions.

17       57.    The actions by Defendants, including, but not limited to, the continuing failure to

18   pay overtime, failure to provide meal and rest periods, failure to provide itemized wage statements,

19   and failure to pay wages due upon termination, amount to conduct which is unlawful and a

20   violation of law as alleged herein.  As such, said conduct amounts to unfair business practices in

21   violation of *Business and Professions Code* § 17200, *et seq.*

22       58.    Defendants' conduct as herein alleged has damaged Plaintiffs and the members of

23   the Plaintiff Class by denying them wages due and payable, and failing to provide proper wage

24   statements.  Defendants' actions are thus substantially injurious to Plaintiff and the members of the

25   Plaintiff Class, causing them injury in fact and loss of money.

26       59.    As a result of such conduct, Defendants have unlawfully and unfairly obtained

27   monies due to the Plaintiff and the members of the Plaintiff Class.

28       60.    All members of the Plaintiff Class can be identified by reference to payroll and

14

**Class Action Complaint**

1  related records in the possession of the Defendants. The amount of wages due Plaintiff and
2  members of the Plaintiff Class can be readily determined from Defendants' records. The members
3  of the proposed class are entitled to restitution of monies due and obtained by Defendants during
4  the Class Period as a result of defendants' unlawful and unfair conduct.

5      61.    Beginning at a date unknown to Plaintiff, but at least as early as December15, 2006,
6  Defendants committed, and continue to commit, acts of unfair competition as defined by § 17200,
7  *et seq.*, of the *Business and Professions Code,* by and among other things, engaging in the acts and
8  practices described above.

9      62.    Defendants' course of conduct, acts, and practices in violation of the California law
10  as mentioned in each paragraph above constitutes a separate and independent violation of §17200,
11  etc., of the *Business and Professions Code.*

12      63.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully
13  denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and
14  practices and, therefore, Defendants' actions described herein constitute an unfair business practice
15  or act within the meaning of *Business and Professions Code* § 17200.

16      64.    Defendants' conduct described herein threatens an incipient violation of
17  California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise
18  significantly threatens or harms competition.

19      65.    Defendants' course of conduct described herein further violates *Business and*
20  *Professions Code* §17200 in that it is fraudulent, illegal, improper, and unfair.

21      66.    The unlawful, unfair, and fraudulent business practices and acts of Defendants, and
22  each of them, as described herein above have injured Plaintiff and members of the Plaintiff Class
23  in that they were wrongfully denied the timely and full payment of wages due to them.

## PRAYER FOR RELIEF

25  WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members of the
26  Plaintiff Class, prays for judgment against Defendants as follows:

27      1.    For nominal damages;

28      2.    For compensatory damages;

15

**Class Action Complaint**

3. For equitable relief in the nature of declaratory relief, restitution of all monies due to plaintiff and members of the Plaintiff Class, disgorgement of profits from the unlawful business practices of Defendants, and accounting;

4. For penalties permitted by *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226, 226.3, 226.7, 227.3, 510, 512, 1194, and 1194.2;

5. For all penalties permitted by California's Private Attorney General's Act (PAGA), *Labor Code* § 2698, *et seq.*;

6. For interest accrued to date;

7. For costs of suit and expenses incurred herein pursuant to *Labor Code* §§ 226 and 1194;

8. For reasonable attorney's fees pursuant to *Labor Code* §§ 226 and 1194; and

9. For all such other and further relief that the Court may deem just and proper.

DATED:    January 5, 2011

**MARLIN & SALTZMAN, LLP**
**UNITED EMPLOYEES LAW GROUP, PC**


By: _____
Kiley L. Grombacher, Esq. of Marlin & Saltzman
Attorneys for Plaintiff


### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all applicable claims.

DATED:    January 5, 2011

**MARLIN & SALTZMAN, LLP**
**UNITED EMPLOYEES LAW GROUP, PC**


By: _____
Kiley L. Grombacher, Esq. of Marlin & Saltzman
Attorneys for Plaintiff

16

**Class Action Complaint**

**ORIGINAL**

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
Stanley D. Saltzman, Esq. (SBN 90058)
Kiley L. Grombacher, Esq. (SBN 245960)
MARLIN & SALTZMAN
29229 Canwood Street, Suite 208
Agoura Hills, CA  91301
TELEPHONE NO.: (818) 991-8080   FAX NO.: (818) 991-8081
ATTORNEY FOR *(Name):* Plaintiff Luisa Hehrer

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, California  92501
BRANCH NAME: RIVERSIDE COURT

CASE NAME: HEHRER v. WALGREEN CO.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RIC **1100468** |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* five (5)

5. This case [X] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 5, 2011

Kiley L. Grombacher, Esq.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# EXHIBIT B

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

HEHRER VS WALGREEN CO

CASE NO. RIC 1100468

This case is assigned to the Honorable Judge Ronald L Taylor
in Department 06 for case management purposes.
The Case Management Conference is scheduled for 07/13/11
at 8:30 in Department 06.

(Bad Mnemonic)
Case Management Conference Hearing

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 01/12/11                Court Executive Officer/Clerk

                    By: _____
                           ILZE SIRACUSA, Deputy Clerk

ac:cmc;cmcb;cmch;cmct;cmcc
cmccb;cmcch;cmcct

# EXHIBIT C



POS-010

**ORIGINAL**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
Stanley Saltzman                                                  SBN: 90058
Marlin & Saltzman, LLP
29229 Canwood Street, Suite 208  Agoura Hills, CA 91301
TELEPHONE NO.: (818) 991-8080          FAX NO.:*(Optional)*
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff:

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**FEB 16 2011**
R. Mc Elyea

CAB

RIVERSIDE COUNTY SUPERIOR COURT
STREET ADDRESS: 4050 MAIN ST.
MAILING ADDRESS:
CITY AND ZIP CODE: RIVERSIDE, CA 92501-3704
BRANCH NAME: RIVERSIDE

| PLAINTIFF/PETITIONER: Luisa Hehrer, as an individual and on behalf of all others similarly situated | CASE NUMBER: RIC 1100468 |
|---|---|
| DEFENDANT/RESPONDENT: Walgreen Co. an Illinois Corporation , and Does 1 thorugh 100 , inclusive | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: Walgreen Co. Class Action |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*:  **Certificate of Counsel; Notice of Assignment to Department for Case Management Purposes and Case Management Conference**

3. a. Party served *(specify name of party as shown on documents served)*:
   **Walgreen Co., an Illinois Corporation**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Becky DeGeorge - Manager, Authorized to accept service**

4. Address where the party was served: **2730 Gateway Oaks Drive 100**
   **Sacramento, CA 95833**

5. I served the party *(check proper box)*
   a. ☒ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 01/27/2011   (2) at *(time)*: 02:35 pm

   b. ☐ **by substituted service.** On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or
   In the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:                              or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/TLV101375

| PETITIONER: Luisa Hehrer, as an individual and on behalf of all others similarly situated | CASE NUMBER: |
|---|---|
| RESPONDENT: Walgreen Co. an Illinois Corporation , and Does 1 thorugh 100 , inclusive | RIC 1100468 |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on (date):               (2) from (city):

   (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means (specify means of service and authorizing code section):

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of (specify):
c. ☐ as occupant.
d. ☒ On behalf of (specify): Walgreen Co., an Illinois Corporation
   under the following Code of Civil Procedure section:

☒ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                          ☐ other:

7. Person who served papers
a. Name: Steven J. Weddle - Team Legal , Inc.
b. Address: 25876 The Old Road, Suite 314  Valencia, CA 91381
c. Telephone number: (661) 964-0154
d. The fee for service was: $ 69.50
e. I am:

   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ registered California process server:
     (i) ☐ owner   ☐ employee   ☒ Independent contractor.
     (ii) Registration No.: 2010-06
     (iii) County: Sacramento

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

   Date: 01/28/2011

   Team Legal , Inc.
   25876 The Old Road, Suite 314
   Valencia, CA 91381
   (661) 964-0154

| Steven J. Weddle | ▶ _(signature)_ |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

# EXHIBIT D

1  SEYFARTH SHAW LLP
   Diana Tabacopoulos (SBN 128238)
2  E-mail: dtabacopoulos@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California  90067-3021
   Telephone:  (310) 277-7200
4  Facsimile:  (310) 201-5219

5  SEYFARTH SHAW LLP
   Jill Porcaro (SBN 190412)
6  E-mail: jporcaro@seyfarth.com
   333 South Hope Street, Suite 3900
7  Los Angeles, California 90071-1406
   Telephone: (213) 270-9600
8  Facsimile: (213) 270-9601

9  Attorneys for Defendant
   WALGREEN CO.

10

11             SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  FOR THE COUNTY OF RIVERSIDE

13  LUISA HEHRER, as an individual and      Case No. RIC 1100468
    on behalf of all others similarly situated,
14                                          (Assigned to Honorable Ronald L. Taylor,
                 Plaintiffs,                Dept. 6)
15
          v.                               ANSWER TO COMPLAINT
16
    WALGREEN CO., an Illinois
17  corporation, and DOES 1 through 100,
    inclusive,
18
                 Defendants.               Complaint filed: Jan. 12, 2011
19

20

21

22       Defendant Walgreen Co. ("Defendant") submits the following Answer to Plaintiff Luisa

23  Hehrer's ("Plaintiff") unverified Class Action Complaint ("Complaint").

24       Pursuant to California Code of Civil Procedure §431.30(d), Defendant generally denies

25  each and every allegation and cause of action included in Plaintiff's Complaint and, without

26  limiting the generality of the foregoing, denies that Plaintiff or the putative class members have

27  been damaged in any amount, or at all, by reason of any act or omission of Defendant.

28

                                    1
                          ANSWER TO COMPLAINT
13161961v.1

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 24 2011

C. Mundo

## SEPARATE ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because the alleged failure to pay overtime, or to give meal and rest breaks, was not unlawful, unfair or fraudulent. At all times relevant and material herein, Plaintiff and the putative class members were exempt from the overtime compensation requirements and the meal and rest period requirements of the California Labor Code and the Industrial Welfare Commission Wage Orders, because Plaintiff and the putative class members are/were employed in an exempt capacity within the meaning of the applicable wage orders, California law, either under the administrative or executive exemption or a combination of such exemptions.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for penalties are foreclosed by virtue of Defendant's good faith and reasonable belief that it was acting in accordance with California law and was not in violation of any California or federal law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure §§338(a), 339, and 340, and California Business & Professions Code §17208.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has delayed inexcusably and unreasonably in the filing of this action, causing substantial prejudice to Defendant and thus, Plaintiff's claims are barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred as against Defendant by the doctrines of waiver and estoppel.

2

ANSWER TO COMPLAINT

13161961v.1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred as against Defendant by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members are not entitled to any penalty award under Section 203 of the California Labor Code because, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, including but not limited to, California Labor Code §200, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to seek injunctive relief under California Business and Professions Code §§17200 *et seq.* because, *inter alia*, Plaintiff is no longer employed by Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive and equitable relief are barred because Plaintiff has an adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code §§1138.1, *et seq.*

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly exhaust her administrative remedies, or did not exhaust those remedies in a timely manner as required by law, and therefore, her legal causes of action for violation of the California Labor Code Private Attorney General Act, Cal. Labor Code §§ 2698, et al. are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because a good faith dispute exists regarding whether wages and/or overtime are due.  8 Cal. Code Reg. §13520.

///

3

ANSWER TO COMPLAINT

13161961v.1

46

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for unpaid wages are barred because Plaintiff failed to meet the conditions precedent for the payment of such wages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for unpaid wages are barred because Plaintiff failed to perform all duties and obligations necessary to earn the subject wages, or otherwise failed to provide the consideration required for the payment of wages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every claim for relief alleged therein is barred by the doctrines of *res judicata* and/or collateral estoppel, to the extent that Plaintiff, any putative class member or other putative beneficiary of this action, has asserted in any prior legal or administrative proceeding that he or she was denied meal periods, denied rest periods, entitled to payment for wages, overtime, damages, penalties under California Labor Code §§203, 226, 226.7, 510, 515.5, 551, 552, 1194, 1198, and did not prevail on such claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and/or members of the putative classes are entitled to restitution, damages or penalties, Defendant is entitled to an offset for any overpayments of wages or other consideration previously provided to those parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to an accord and satisfaction and/or are barred to the extent that Plaintiff or any putative class member has entered into or is otherwise bound by compromise, settlement or release agreements regarding those claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff or any putative class member is not entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of the applicable Labor Code sections establish penalties that are unjust, arbitrary, oppressive, confiscatory and are disproportionate to any damage or loss incurred as a result of Defendant's conduct, and are

4

ANSWER TO COMPLAINT

1 | unconstitutional under the U.S. Constitution and Article I, Section VII, of the California
2 | Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff, on behalf of herself and the putative class, is precluded from pursuing her Complaint and each cause of action alleged in it because she failed to act upon the knowledge available to her, thereby ratifying the conduct of Defendant that she complains of.

### NINETEENTH AFFIRMATIVE DEFENSE

The alleged conduct of Defendant complained of in the Complaint was approved, consented to, and/or authorized by Plaintiff and the putative class through their actions, omissions, and course of conduct; accordingly, the Complaint and each purported cause of action in it is barred.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff does not have standing to pursue some or all of the claims she purports to assert on behalf of others or a class including, but not limited to, her claims for declaratory relief, civil penalties and damages under the California Labor Code, including, but not limited to, §§ 203, 226, 226.7, 558, 1194 and California Business and Professions Code §§ 17200 *et seq.* because, *inter alia*, plaintiff, has not suffered any injury in fact or lost money or property as a result of any unfair competition, and/or no penalties are available under the statutes plaintiff sues upon.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

PAGA does not provide a valid legal basis for Plaintiff's claim because it is unconstitutional on the basis that it violates the separation of powers doctrine.

### ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

Wherefore, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing for the Complaint;

5

ANSWER TO COMPLAINT

1    2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes

2          of action;

3    3.    That Defendant be awarded reasonable attorneys' fees according to proof;

4    4.    That Defendant be awarded its costs of suit incurred herein; and

5    5.    That Defendant be awarded such other and further relief as the Court may deem

6    appropriate.

7    DATED: February 24, 2011                    SEYFARTH SHAW LLP

8

9                                          By_____

10                                            Diana Tabacopoulos
                                             Attorneys for Defendant
11                                           WALGREEN CO.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13161961v.1

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA          )
                             )     ss
3

COUNTY OF LOS ANGELES        )

4

5      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On February 24, 2011, I served the within documents:

6

7

**ANSWER TO COMPLAINT**

8     ☐   I sent such document from facsimile machine (310) 201-5219 on _____: I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

9

10

11

12    ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

13

14    ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

15    ☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

16

17

18    ☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at Los Angeles, California, addressed as set forth below.

19

20

21    ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

22

23    ☐   electronically by using the Court's ECF/CM System.

24

| | |
|---|---|
| Stanley D. Saltzman<br>Kiley L. Grombacher<br>MARLIN & SALTZMAN<br>29229 Canwood Street, Suite 208<br>Agoura Hills, CA 91301<br>(818) 991-8080      F: (1919) 991-8081 | Walter Haines<br>UNITED EMPLOYEES LAW GROUP, PC<br>110 Pine Avenue, Suite 725<br>Long Beach, CA 90802<br>(888) 474-7242   F: (866) 435-7471 |

25

26

27

28

13163563v.1

**50**

1        I am readily familiar with the firm's practice of collection and processing correspondence
2    for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
     day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
3    motion of the party served, service is presumed invalid if postal cancellation date or postage
     meter date is more than one day after the date of deposit for mailing in affidavit.
4
         I declare under penalty of perjury under the laws of the State of  that the above is true and
5    correct.

6        Executed on February 24, 2011, at Los Angeles, California.

7

8                                           Lora Calma

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13163563v.1

-2-

# EXHIBIT E

1  SEYFARTH SHAW LLP
   Diana Tabacopoulos (SBN 128238)
2  E-mail: dtabacopoulos@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California  90067-3021
   Telephone:  (310) 277-7200
4  Facsimile:  (310) 201-5219

5  SEYFARTH SHAW LLP
   Jill Porcaro (SBN 190412)
6  E-mail: jporcaro@seyfarth.com
   333 South Hope Street, Suite 3900
7  Los Angeles, California 90071-1406
   Telephone: (213) 270-9600
8  Facsimile: (213) 270-9601

9  Attorneys for Defendant
   WALGREEN CO.

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                   FOR THE COUNTY OF RIVERSIDE

13  LUISA HEHRER, as an individual and      )   Case No. RIC 1100468
    on behalf of all others similarly situated,  )
14                                          )   (Assigned to Honorable Ronald L. Taylor,
                 Plaintiffs,                )   Dept. 6)
15                                          )
             v.                             )   PEREMPTORY CHALLENGE
16                                          )   PURSUANT TO CAL. CODE OF CIV.
    WALGREEN CO., an Illinois               )   PROC. § 170.6
17  corporation, and DOES 1 through 100,    )
    inclusive,                              )
18                                          )
                 Defendants.                )   Complaint filed: Jan. 12, 2011
19                                          )
                                            )
20                                          )

21      I, Jill A. Porcaro, declare and state as follows:

22      1.     I am an attorney admitted to practice in the State of California and I am an

23  Associate in the Los Angeles office of Seyfarth Shaw LLP.  I am one of the attorneys with

24  primary responsibility for representing Defendant Walgreen Co. ("Defendant") in the above-

25  captioned case.  If called as a witness herein, I could and would testify to the following facts,

26  which are within my personal, firsthand knowledge.

27

28

                                            1
                          PEREMPTORY CHALLENGE
13166514v.1

RECEIVED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
FEB 25 2011

1    2.    I am informed and believe that the Ronald L. Taylor, the judge to whom the trial

2 of the instant action is pending, is prejudiced against the interests of Defendant and/or its

3 attorneys, so that I believe that Defendant cannot have a fair and impartial trial before said judge.

4    3.    This peremptory challenge was filed within the time limits set forth in Code of

5 Civil Procedure § 170.6 and Government Code § 68616 because it was filed within ten (10) days

6 after Defendant's first appearance in the action.

7    I declare under the penalty of perjury under the laws of the State of California that the

8 foregoing is true and correct.

9    Executed this 25th day of February, 2011, at Los Angeles, California.

10

11    Jill A. Porcaro

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PEREMPTORY CHALLENGE

13166514v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                              )  ss
COUNTY OF LOS ANGELES          )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California 90071. On February 25, 2011, I served the within documents:

PEREMPTORY CHALLENGE PURSUANT TO CAL. CODE OF CIV. PROC. 170.6

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

| | |
|---|---|
| Stanley D. Saltzman<br>Marcus J. Bradley<br>Kiley L. Grombacher<br>Marlin & Salzman, LP<br>29229 Canwood Street, Suite 208<br>Agoura Hills, Ca 91301<br>818-991-8080<br>818-991-8081 | Walter Haines<br>United Employees Law Group, PC<br>110 Pine Avenue, Suite 725<br>Long Beach, CA 90802<br>888-474-7242<br>866-435-7471 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on February 25, 2011, at Los Angeles, California.

_____
M Lee Drozd

13166548v.1

**55**

# EXHIBIT F

1  SEYFARTH SHAW LLP
   Diana Tabacopoulos (SBN 128238)
2  E-mail: dtabacopoulos@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California  90067-3021
   Telephone:  (310) 277-7200
4  Facsimile:  (310) 201-5219

5  SEYFARTH SHAW LLP
   Jill Porcaro (SBN 190412)
6  E-mail: jporcaro@seyfarth.com
   333 South Hope Street, Suite 3900
7  Los Angeles, California 90071-1406
   Telephone: (213) 270-9600
8  Facsimile:  (213) 270-9601

9  Attorneys for Defendant
   WALGREEN CO.

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  LUISA HEHRER, as an individual and      ) CASE NO.
    on behalf of all others similarly situated, )
14                                            ) DECLARATION OF JUNE
                  Plaintiffs,                 ) ROSENBERG IN SUPPORT OF
15                                            ) DEFENDANT'S NOTICE OF
           v.                                 ) REMOVAL
16                                            )
    WALGREEN CO., an Illinois                 ) [CLASS ACTION FAIRNESS ACT
17  corporation, and DOES 1 through 100,      ) OF 2005, 28 U.S.C. § 1332(D)]
    inclusive,                                )
18                                            ) [Riverside Superior Court Case No.
                  Defendants.                 ) RIC 1100468]
19                                            )
                                              ) [Filed concurrently with Notice of
20                                            ) Removal, Certificate of Interested
                                              ) Parties, Civil Cover Sheet and
21                                            ) Disclosure Statement Pursuant to Fed.
                                              ) R. Civ. Proc. 7.1]
22                                            )
                                              ) Complaint filed:  Jan. 12, 2011
23  ─────────────────────────────────────

24

25

26

27

28

    ───────────────────────────────────────────────────────────
    DECLARATION OF JUNE ROSENBERG ISO OF DEFENDANT'S NOTICE OF REMOVAL
    13165424v.1

                                                              **57**

## DECLARATION OF JUNE ROSENBERG

I, June Rosenberg, declare as follows:

1.      I employed by Walgreen Co. ("Walgreens") in the position of manager of employee services.  I have held this position since approximately 2004. I have personal knowledge of the following facts and could and would testify competently if called to do so.

2.      In my capacity as Manager of Employee Services, I have regular access to, and am familiar with, Walgreens' data records relating to its employees. I have carefully reviewed reports derived from the Walgreens' employee data records for individuals who held the position of store manager in California ("Store Manager") for the period January 12, 2007 to February 22, 2011.  These reports include information relating to each Store Manager's hire date, job position (and dates the employee held the position of Store Manager within the relevant time period from January 12, 2007 through February 22, 2011), termination date (if applicable), and salary information, all of which is maintained by Walgreens in the ordinary course of business.  Based on my review of these reports, I have determined the following:

(a)      Walgreens employed approximately 677 employees as Store Managers during the period January 12, 2007 through February 22, 2011.

(b)      Walgreens employed approximately 587 Store Managers during the period January 12, 2010 to February 22, 2011.

(c)      Walgreens' Store Managers worked approximately 7,973 pay periods during the period January 12, 2010 through February 22, 2011.  For the period January 12, 2007 through February 22, 2011, Walgreens Store Managers were paid once per month.

-2-

DECLARATION OF JUNE ROSENBERG ISO OF DEFENDANT'S NOTICE OF REMOVAL

13165424v 1

**58**

(d)   Walgreens Store Managers worked approximately 108,480 work weeks during the period January 12, 2007 through February 22, 2011.

(e)   Approximately 63 Walgreens Store Managers separated their employment from Walgreens during the period January 12, 2008 through December 13, 2010.

(f)   Walgreens Store Managers earned an average annual salary of $73,860 during 2011 (through February 22, 2011); $74,171.33 during the year 2010, $73,392.33 during the year of 2009, $72,847.75 during the year of 2008, and $69,826.36 during the year of 2007.

3.   Plaintiff Luisa Hehrer ("Hehrer") was employed by Walgreens in California as a Store Manager from May 24, 2008, through March 19, 2010.  As of March 19, 2010, Hehrer's employment with Walgreens was separated.  Hehrer's annualized salary during her employment as a Walgreen's Store Manager in California was as follows:  $59,040.00 during the period of May 24, 2008 through September 30, 2008; $63,120.00 during the period of October 1, 2008 through September 30, 2009; and $65,520.00 during the period of October 1, 2009 through the date of her separation from employment on March 19, 2010.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this 25th day of February, 2011, at Deerfield, Illinois.

*June Rosenberg*

JUNE ROSENBERG

-3-
DECLARATION OF JUNE ROSENBERG ISO OF DEFENDANT'S NOTICE OF REMOVAL

13165424v.1

**59**

# EXHIBIT G

1 | SEYFARTH SHAW LLP
Diana Tabacopoulos (SBN 128238)
2 | E-mail: dtabacopoulos@seyfarth.com
2029 Century Park East, Suite 3500
3 | Los Angeles, California 90067-3021
Telephone: (310) 277-7200
4 | Facsimile: (310) 201-5219

5 | SEYFARTH SHAW LLP
Jill Porcaro (SBN 190412)
6 | E-mail: jporcaro@seyfarth.com
333 South Hope Street, Suite 3900
7 | Los Angeles, California 90071-1406
Telephone: (213) 270-9600
8 | Facsimile: (213) 270-9601

9 | Attorneys for Defendant
WALGREEN CO.

10

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

13 | LUISA HEHRER, as an individual and ) Case No. _____
on behalf of all others similarly situated, )
14 | ) [Riverside Superior Court Case No.
) RIC 1100468]
15 | Plaintiffs, )
) DECLARATION OF
16 | v. ) JOHN MANN IN SUPPORT OF
) REMOVAL
17 | WALGREEN CO., an Illinois )
corporation, and DOES 1 through 100, )
inclusive, )
18 | )
Defendants. ) Complaint filed: Jan. 12, 2011
19 | )
)
20 | )

21

22

23

24

25

26

27

28

DECLARATION OF JOHN MANN IN SUPPORT OF REMOVAL
CASE NO. _____

## DECLARATION OF JOHN MANN

I, John Mann, declare and state as follows:

1.      I am currently employed by Walgreen Co. ("Walgreens") as the Assistant Corporate Secretary and Director of Corporate Tax.  In my capacity as Assistant Corporate Secretary and Director of Corporate Tax, I am familiar with Walgreens' corporate structure, operations and place of incorporation.  I have personal, first-hand knowledge of the matters set forth below, and, if called upon to testify, I could and would do so competently.

2.      Walgreens is now, and ever since this action commenced, has been, incorporated under the laws of the State of Illinois, with its principal place of business in Illinois.

3.      Walgreens' corporate headquarters are located in Deerfield, Illinois where Walgreens' high level officers, including its Chief Executive Officer, direct, control, and coordinate Walgreens' activities.  Walgreens' executive operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations.

I declare under penalty of perjury under the laws of the State of Illinois and the United States of America that the foregoing is true and correct.

Executed this 24th day of February 2011 in Deerfield, Illinois.

_____
JOHN MANN

# EXHIBIT H

# DECLARATION OF WILLIAM HOSE

I, William Hose, declare:

1.      I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, I could and would testify competently thereto.

2.      I have been employed by Walgreen Co. ("Walgreens") for approximately thirty-seven years.  My current position is Vice President of Community and Store Operations.  I have held this position for approximately the past seven years.   In my current position, I supervise approximately 8 District Managers who have responsibility for 233 Walgreens stores in California.

3.      In my current position, I am generally familiar with the work schedules for the Walgreens' store managers in California.  Walgreens store managers in California typically work at least five days per week.  This has been true during the entire period of January 12, 2007, through the present.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 25 day of February, 2011 at _____, California.

_____
William Hose

13166521v.1

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| LUISA HEHRER, as an individual and on behalf of all others similarly situated | WALGREEN CO., an Ilinois corporation, and DOES 1 through 100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Stanley D. Saltzman/Marcus J. Bradley/Kiley L. Grombacher Marlin & Saltzman, LLP 29229 Canwood Street, Suite 208 Agoura Hills, CA 91301 Tel: 818-991-8080/Fax: 818-991-8081 | Diana Tabacopoulos (SBN 128238)/dtabacopoulos@seyfarth.com Jill Porcaro (SBN 190412)/jporcaro@seyfarth.com SEYFARTH SHAW LLP 333 South Hope Street, Suite 3900, Los Angeles, CA 90071-1406 Tel: 213-270-9600/Fax: 213-270-9601 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ NOT STATED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Petition for Removal-28 U.S.C. §§1332(d)(2) (Class Action Fairness Act), §1332(a)(c) (diversity), Putative class action alleging violation of Cal. Labor Code §§1194, 510, 226.7, 512, 201-203, & 226, and Unfair Competition under Cal. Bus. & Prof Code §17200, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 861 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: ED CV 11 - 00340 VAP (JEMx)

CV-71 (05/08)                         CIVIL COVER SHEET                         Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Illinois | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff alleges a statwide California putative Class Action | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Bill Onderow_   Date February 25, 2011
Jill A. Porcaro

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 340 VAP (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.